## ATTACHMENT B
## Particular Things to be Seized

**I. Information to be disclosed by the Carrier.**

1. Historical location, prospective location, and other information related to the use of the **Target Phone** from May 9, 2024, through the date of the application and prospective location and other information related to the use of the **Target Phone** for a period of 30 Days or from the date of this warrant, including:

   a. Subscriber information, Payment history/Data, Account Notes, Secondary and associated phone numbers, Device Identifiers, Including Make & Model;

   b. Information reflecting the location of cellular towers (cell-site and sector/face) interacting with the **Target Phone**, including data collected by the Carrier reflecting the physical location of the **Target Phone**;

   c. all precision location information, E-911 Phase II data, real-time GPS data, latitude, and longitude data, and/or network timing information, per call measurement or timing advance data: True Call, and real time cell site information (tower and sector); and

   d. Call / text detail records and data reports for incoming/ outgoing calls with cell tower and sector data for voice, SMS, MMS, and data connections, originating and destination IP addresses, Latitude/ Longitude Data, and per call measurement or timing advance data: True Call, or equivalent).

2.     The information includes monitoring non-content signaling and routing information, including all non-content packet switched data, through the furnishing of information, facilities, technical assistance, and the installation and use of a pen register and trap and trace device pursuant to 18 U.S.C. §§ 3123-3124 by Carrier and ATF. Because the request for such location data may include use of a "pen register" or a "trap and trace device," see 18 U.S.C. § 3127(3) & (4), the application and the warrant are designed to comply with the Pen Register Statute as well as Rule 41. The application therefore includes all information required for and serves as a pen register application, 18 U.S.C. § 3123(a); similarly, the warrant therefore includes all the information required for and serves as a pen register order, 18 U.S.C. § 3123(b).

3.     This pen register / trap and trace device shall be transferable to any changed dialed number subsequently assigned to a device bearing the same ESN, IMSI, or SIM as the **Target Phone**; any changed ESN, IMSI, or SIM subsequently assigned the same dialed number as the **Target Phone**; or any additional changed dialed number, ESN, IMSI, or SIM listed to the same subscriber account as the **Target Phone**.

4.     The government shall compensate the Carrier for reasonable expenses incurred in furnishing such facilities or assistance. Any Carrier or representative who gains access to the information in this warrant shall not disclose the existence of the warrant, order, or investigation to any third party unless ordered to do so by the Court.

5. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the information described. *See* 18 U.S.C. § 3103a(b)(2). Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Carrier in order to locate the things particularly described in this warrant.

## II. Particular Things to Be Seized with a Cell Site Simulator or Wi-Fi Geolocation Device

1. This Warrant authorizes the officers to whom it is directed to determine the location of **Target Phone** by collecting and examining:

   a. radio signals emitted by **Target Phone** for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

   b. radio signals emitted by **Target Phone** in response to signals sent to it by the officers

for a period of thirty days, during all times of day and night. This includes monitoring non-content signaling and routing information, including all non-content packet switched data, through the installation and use of a pen register and trap and trace device pursuant to 18 U.S.C. § 3123 by the ATF. Because the use of the device, a Cell Site Simulator or Wi-Fi geolocation device, may fall within the definitions of a "pen register" or a "trap and trace device," see 18 U.S.C. § 3127(3) & (4), the application

and the warrant are designed to comply with the Pen Register Statute as well as Rule 41. The application therefore includes all information required for and serves as a pen register application, 18 U.S.C. § 3123(a); similarly, the warrant therefore includes all the information required for and serves as a pen register order, 18 U.S.C. § 3123(b).

      2.     This warrant does not authorize the interception of any content (telephone, text message, or internet based). The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the **Target Phone**, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the **Target Phone**, and law enforcement will limit collection of information from devices other than the **Target Phone**. To the extent that any information from a cellular device other than the **Target Phone** is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the **Target Phone** from all other cellular devices.

      3.     Under this warrant, the cell site simulator / geolocation device shall be transferable to any changed dialed number subsequently assigned to a device bearing the same ESN, IMSI, or SIM as the **Target Phone**; any changed ESN, IMSI, or SIM

subsequently assigned the same dialed number as the **Target Phone**; or any additional changed dialed number, ESN, IMSI, or SIM listed to the same subscriber account as the **Target Phone**.

4. The Court finds reasonable necessity for use of the techniques and collection of information described. *See* 18 U.S.C. § 3103a(b)(2).

5. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the information described. *See* 18 U.S.C. § 3103a(b)(2).

**III. Information to be seized by the government**

1. All information described above in Section I that leads to evidence of the 21 U.S.C. § 841(a)(1), Distribution or Possession with Intent to Distribute a Controlled Substance, and 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Carrier in order to locate the things particularly described in this Warrant.